IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHEMENCE MEDICAL
PRODUCTS, INC.,

    Plaintiff,

     v.

CIVIL ACTION FILE
NO. 1:13-CV-500-TWT

MEDLINE INDUSTRIES, INC.,

    Defendant.

## OPINION AND ORDER

This is a breach of contract  action.  It is before the Court on the Plaintiff's

Motion Permitting Filing Under Seal [Doc. 148], the Defendant's Motion to Seal

Deposition Transcripts and Certain Exhibits Thereto [Doc. 151-1], the Defendant's

Motion to Seal Portions of Its Statement of Material Facts as to Which There is No

Genuine Issue to be Tried, Brief in Support of Its Motion for Summary Judgment, and

the Appendix Thereto [Doc. 152-1], the Plaintiff's Motion Permitting Filing Under

Seal [Doc. 166], the Defendant's Motion to Seal Portions of Its Response to Plaintiff's

Motion for Partial Summary Judgment, Statement of Additional Facts in Opposition

to Plaintiff's Motion for Partial Summary Judgment, Response to Plaintiff's Statement

of Facts, and the Appendix Thereto [Doc. 175], the Defendant's Motion to Seal

Deposition Transcripts and Certain Exhibits Thereto [Doc. 176], the Plaintiff's Motion Permitting Filing Under Seal [Doc. 188], the Defendant's Motion to Seal Selected Portions of Filings of November 10, 2014 [Doc. 195], the Defendant's Motion to Seal Portions of Its Motion to Exclude Opinions and Testimony of Dr. Seamas Grant [Doc. 209], and the Plaintiff's Motion Permitting Filing Under Seal [Doc. 212].

## I. Background

This case involves breach of contract claims regarding a contract for the sale of a surgical glue between the Plaintiff, Chemence Medical Products, Inc., and the Defendant Medline Industries, Inc. Both parties have filed motions to seal numerous documents. The parties claim that the documents contain trade secrets and other confidential information requiring protection. Neither party has filed any opposition to any of the motions to seal, but neither has consented to the pending motions.

## II. Legal Standard

The Court of Appeals for the Eleventh Circuit has made it clear that court records are presumptively public. "The common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."[1] The right to inspect and copy is not absolute,

---

[1]     Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001).

however, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question.[2] The common law right of access requires a balancing of competing interests.[3] However, where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that the denial of access "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest."[4]

Rule 26(c) authorizes the trial court to issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . ." upon a showing of good cause.[5] The right of access is not absolute and does not apply to discovery materials.[6] However, a motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of

---

[2]     Id.

[3]     Id.

[4]     Id.

[5]     Fed. R. Civ. P. 26(c)(1)(G).

[6]     Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).

access.[7] This common law right of access may be overcome by a showing of good cause.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, court consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of an injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.[8]

Stereotyped and conclusory statements concerning the need for confidentiality do not establish good cause to seal court documents.[9]

### III. Discussion

### A.    Chemence's First Motion to Seal [Docs. 148 and 166]

The Plaintiff moves to seal its memorandum of law in support of its motion for partial summary judgment, Exhibits 1, 3-11, 13, and 21-22 to that memorandum, and the deposition excerpts of Alex Liberman, Jonathan Primer, Debashish Chakravathy, Charles David Greenberg, Bridget Donovan, and Seamas Grant. Chemence filed the same motion twice as two separate documents.

---

[7]    Id. at 1246.

[8]    Id.

[9]    Id. at 1247.

The Court grants the motion to seal Chemence's memorandum of law in support of its motion for partial summary judgment, only to the extent that the document contains product specifications. Additionally, the Court grants the motion to seal Exhibit 1, given that it has already been filed under seal as Exhibit 1 to Medline's amended counterclaim. Exhibit 7 should be sealed because it contains confidential business information. Exhibits 3, 8, 10, 11, and 13 will be sealed because they contain product specifications. The motion to seal Exhibits 4-6, 9, 21, and 22 is denied. Although Chemence has labeled the documents confidential, it has not stated any specific reason for a need to seal the exhibits. Furthermore, this Court finds no information in the exhibits that presents good cause to seal.

As to the deposition excerpts, this Court finds cause to seal some, but not all of the testimony. The motion to seal the excerpts from the Primer and Donovan Depositions is denied. The motion to seal excerpts of the Chakravathy Deposition is granted because the excerpts contain product specifications. Because the Greenberg and Liberman Depositions contain discussion regarding confidential business transactions, the Court grants Chemence's motion to seal the excerpts. The Grant Deposition discusses an expert report which includes product specifications, indicating cause to seal that excerpt as well.

### B.    Medline's First Motion to Seal Deposition Transcripts and Exhibits

Medline moves to seal portions of deposition transcripts and the exhibits to them. The motion to seal excerpts of the Battisti Deposition is denied. The Court grants the motion to seal excerpts of the Cooke Deposition because the excerpts contain personally identifiable information.

With respect to the Donovan Deposition, the Court grants the motion to seal page 6, lines 13-14, because those lines contain personally identifiable information. The Court further grants the motion to seal page 58, lines 10-13, because counsel for both parties agreed that the information addressed is confidential. The Court grants the motion with respect to page 94, lines 19-25, page 95, lines 1-16, 19-21, and 24-25, and page 96, lines 1-15, because they contain product specifications. The remainder of the motion to seal the Donovan Deposition is denied.

The Court grants in part and denies in part the motion to seal the Liberman Deposition. Page 4, line 6, should be sealed because it contains personal information of the deponent. Page 77, line 8, through page 82, line 5, should also be sealed because it contains information regarding confidential business transactions. The remainder of the motion is denied.

Medline moves to seal the entirety of the Lynch Deposition on the ground that 30 days had not passed for review at the time the motion was filed. This motion was filed on September 10, 2014. There has now been ample time for review and the

parties have not requested specific portions of the deposition sealed. The Court therefore refuses to seal the entire document. The Court has, however, reviewed the deposition and finds cause to seal several portions. Page 5, lines 12-25, should be sealed because it contains personal information of the deponent. Additionally, page 32, lines 8-25, page 33, lines 1-25, page 34, lines 1-4, page 35, lines 3-15, page 36, lines 10-13, page 40, lines 15-25, page 41, line 1, page 53, lines 2-9, page 62, lines 23-25, page 63, line 1 and lines 23-25, page 64, lines 1-7 and 17-24, page 130, lines 20-22, and page 138, lines 14-21, all contain product specifications and should be sealed.

Medline moves to seal the Primer Deposition as well. The Court grants that motion in part and denies it in part. The Court grants the motion to seal page 5, lines 2 and 4-5, page 11, lines 23-25, and page 12, lines 1-19, because those excerpts contain personal information of the deponent. The Court also grants the motion to seal page 14, lines 14-22, page 85, lines 4-25, page 86, lines 1-5, page 88, lines 6-10, page 92, lines 16-25, page 93, lines 1-18, page 106, lines 5-7 and 11-20, page 109, lines 13-19, page 116, lines 22-25, page 117, lines 1-25, page 118, lines 1-7, page 153, lines 16-25, page 154, lines 1-7, page 168, lines 15-25, and page 169, line 1, because those excerpts contain product specifications and confidential business information involving third parties. The Court finds no good cause to seal the remaining excerpts stated in the motion.

The Court grants the motion to seal the excerpts of the Rach Deposition because they contain personal information of the deponent and product specifications. The Court has reviewed the transcript of the Rogers Deposition and finds no good cause to seal any portions. As to the Wiley Deposition, the Court grants the motion only with respect to page 8, lines 10-11, because those contain personal information of the deponent. The remainder of the motion is denied.

Medline also moves to seal numerous deposition exhibits. The Court grants the motion to seal Exhibits D-4 and D-10 because they contain confidential business negotiations. The Court grants the motion to seal Exhibits D-5 and D-8 because they contain confidential business strategy. The Court grants the motion to seal Exhibit D-14 because it contains personal information of distributors.  The Court grants the motion to seal Exhibits D-24, D-30, D-32, D-37, D-46, D-52, D-66, D-86, D-91, D-93, D-95, D-104, D-105, D-106, D-108, D-109, D-110, D-111, D-112, D-114, D-115, D-116, D-117, D-118, D-131, D-132, D-133, D-141, D-142, D-145, D-146, D-147, D-151, D-174, D-175, D-195, D-198, D-199, D-204, D-205, D-215, D-220, D-222, D-224, and D-226  because they contain product specifications. The Court grants the motion to seal Exhibits D-99, D-201, D-203, and D-232 because they contain confidential business information. The Court finds no good cause to seal Exhibits D-6, D-7, D-9, D11, D-12, D-13, D-20, D-21, D-22, D-23, D-25, D-27, D-28, D-29, D-31,

D-33, D-36, D-38, D-40, D-40A, D-41, D-44, D-45, D-47, D-48, D-50, D-51, D-53,

D-57, D-58, D-64, D-67, D-69, D-70, D-73, D-74, D-75, D-77, D-78, D-79, D-84, D-

85, D-89, D-90, D-94, D-96, D-98, D-100, D-101, D-103, D-107, D-144, D-148, D-

149, D-150, D-154, D-156, D-159 D-160, D-161, D-163, D-166, D-168, D-169, D-

170, D-171, D-172, D-176, D-177, D-179, D-180, D-181, D-182, D-183, D-184, D-

185, D-186, D-187, D-188, D-189, D-190, D-191, D-192, D-193, D-194, D-196, D-

197, D-200, D-207, D-210, D-211, D-212, D-213, D-214, D-219, D-221, D-223, D-

225, D-227, D-228, D-230, and D-231.

The Court finds no good cause to seal Exhibits P-49, P-51, P-52, P-53, P-54,

P-55, P-57, P-58, P-59, P-63, P-65, P-66, P-67, P-68, P-69, P-70, P-71, P-75, P-76,

P-77, P-78. P-112, P-113, P-114, P-115, P-117, P-119, P-120, P-121, P-123, P-131.

The motion to seal Exhibits P-50, P-60, and P-132 is granted because they contain

product specifications.

### C.   Medline's Motion to Seal Summary Judgment Brief and Attachments

Medline also moves to seal portions of its summary judgment brief, statement

of facts in support of its motion, and portions of the appendix to its brief. The Court

rules as follows. With respect to Medline's statement of facts, the Court finds no good

cause to seal Facts 33, 38, 39, 78, 79, 85, or 87. The motion regarding the statement

of facts is therefore denied in its entirety. With respect to Medline's summary

judgment brief, the Court finds no good cause to seal the pages requested – they simply reference the facts from the statement of facts. The Court also finds no good cause to seal the specified portions of Exhibit B, excerpts from the Deposition of Peter Battisti. Similarly, the Court finds no good cause to seal the portions of Exhibit F, excerpts from the Deposition of Rosa Wiley.

The Court finds good cause to seal the specified portions of Exhibit G, excerpts from the Deposition of Jonathan Primer, because the portions contain confidential business information and negotiations. Additionally, the Court finds cause to seal the portions of page 77 of the Liberman Deposition (Exhibit J) specified because they contain confidential business information. Regarding the Lynch Deposition, Exhibit K, the Court will seal the excerpts listed above. The Court denies the motion to seal Exhibit L because it is related to damages and the Court finds no good cause to seal the document. The Court also finds no good cause to seal Exhibit M. The Court grants the motion to seal Exhibit N because it contains product specifications. Exhibit U is the Rogers Deposition. As discussed above, the Court finds no good cause to seal that deposition.

As discussed above, the Court grants the motion to seal Exhibits D-4, D-14, and D-30. The motion to seal Exhibits D-7, D-11, D-13, and D-36 is denied, as discussed above. Additionally, the Court finds no good cause to seal Exhibits D-96 and D-116.

The Court grants the motion to seal Exhibit A in Exhibit P-2 because it contains product specifications. The Court also grants the motion to seal Exhibit P-47 because it is a confidential agreement.

### D.   Medline's Motion to Seal Portions of Its Response to Chemence's Motion

Medline moves to seal portions of its response to Chemence's motion for partial summary judgment, statement of additional facts, and response to Chemence's statement of facts. With respect to Medline's response to Chemence's motion for partial summary judgment, the Court finds no good cause to seal pages 5, 28, 35, and 37. The Court grants the motion to seal pages 42 to 44 because those pages contain product specifications. With respect to Medline's statement of additional facts, the Court grants the motion to seal paragraphs 15 through 84 and 94 because those paragraphs contain product specifications. The Court finds no good cause to seal paragraphs 86, 91, 92, 93, 96, 98, and 123.

Medline requests some of its responses to Chemence's statement of facts sealed on the ground that Chemence sealed those paragraphs in the original filing. This Court notes that Chemence has made no motion to seal its statement of facts. After review of the selected paragraphs in Medline's response, however, the Court rules as follows. The Court grants the motion to seal paragraphs 22, 24, 34, 35, 36, and 37 because they contain product specifications.

Medline also moves to seal several documents contained in the appendix to its response. As discussed previously, the Court grants the motion to seal Exhibit A, the Supply Agreement, because it contains product specifications. The Court also grants the motion to seal the portions of Exhibit C, the Liberman Deposition, because they contain terms of a confidential agreement. The Court grants the motion to seal the excerpts of Exhibit F, the Rach Deposition, because they contain personal information of the deponent and product specifications. The Court also grants the motion to seal the excerpts of the Molinaro Deposition contained in Exhibit G because they contain confidential business information and product specifications. The portions of Exhibit H, the Granger Deposition, contain product specifications and should therefore be sealed. Exhibit L, the Askill Expert Report, also contains product specifications and should be sealed. The Court also grants the motion to seal page 4 of the Tillman Expert Report, as well as page 18 of Exhibit 1 to that report, which both contain product specifications. The selected portions of Exhibit O, the Primer Deposition, contain information regarding confidential business negotiations, and should therefore be sealed. The excerpts of the Grant Deposition contained in Exhibit Q should also be sealed because they contain product specifications. The Court finds good cause to seal Exhibit R, the Greenberg Deposition, because it contains confidential business information. The Court finds no good cause to seal Exhibit W.

Several of the motions to seal exhibits are duplicative of previous motions. As discussed above, the Court denies the motion to seal Exhibits D-11, D-25, D-159, D-163, D-193, and D-207. Also as discussed above, the Court grants the motion to seal Exhibits D-24, D-32, D-131, D-195, D-215, D-220, and P-47.

The Court further grants the motion to seal Exhibits D-120, D-126, D-127, and D-259 because they contain product specifications. The Court finds no good cause to seal Exhibit D-154. The Court grants the motion to seal Exhibit D-250 because it contains confidential business information.

### E.   Medline's Second Motion to Seal Deposition Transcripts and Exhibits

Medline moves to seal several deposition transcript excerpts and exhibits thereto. With respect to the Donovan Deposition, the Court grants the motion to seal because the excerpts contain personal information and information related to confidential business transactions. The Court also grants the motion to seal the excerpts of the Granger Deposition because they contain personal information and product specifications. The Court grants the motion to seal the excerpts on page 6 of the Schmidt Deposition because they contain personal information of the deponent, but finds no good cause to seal the excerpts on pages 90-92. With respect to the Molinaro Deposition, the Court will grant the motion to seal the excerpts listed in

Exhibit G to Medline's response to the Plaintiff's motion for partial summary judgment, as discussed above.

Medline also moves to seal numerous deposition exhibits. As discussed above, the Court grants the motion to seal Exhibits D-120, D-126, D-127, and D-250. The Court finds good cause to seal Exhibits D-233, D-234, D-235, D-236, D-237, D-238, D-239, D-240, D-241, D-244, D-248 because they contain confidential business information. The Court finds good cause to seal Exhibits D-121, D-123, D-124, D-125, D-128, D-129, and D-130 because they contain product specifications. The Court finds no good cause to seal Exhibits D-119, D-242, and D-247.

As discussed above, the Court grants the motion to seal Exhibits P-52 and P-60. The motion to seal Exhibits P-63, P-69, P-76, P-147, P-150, and P-151 is denied. The Court grants the motion to seal Exhibits P-145, P-146, and P-148 because they contain a confidential business agreement.

### F.    Chemence's Second Motion to Seal

Chemence moves to seal its response to Medline's statement of additional facts and excerpts from the Rach Deposition. Chemence states that its reason for moving to seal its response to the statement of additional facts is Medline's redaction of the original document. Consistent with its ruling on the original document, the Court grants the motion to seal paragraphs 15 through 84 and 94. The remainder of the

document will remain unsealed. The motion to seal the portions of the Rach Deposition redacted in the public filing is granted. Those portions of the deposition contain product specifications, which are trade secrets.

### G. Medline's Motion to Seal Expert Reports and the Rach Deposition

Medline moves to seal portions of its expert reports and the Deposition of Joseph Rach. As discussed above, the Rach Deposition contains product specifications, which are trade secrets. The Court therefore grants the motion to seal the selected portions of the Rach Deposition. The portions of Dr. Tillman's expert report that Medline requests sealed contain product specifications. The Court therefore grants that motion to seal. The Court also grants the motion to seal Dr. Askill's expert report because it, too, contains product specifications. The Court further grants Medline's motion to seal the portions of its sur-reply in opposition to the Plaintiff's motion for partial summary judgment that contain product specifications.

### H. Medline's Motion Regarding the Testimony of Dr. Seamas Grant

Medline moves to seal portions of several documents related to its motion to exclude the expert testimony of Dr. Seamas Grant. The Court grants the motion to seal the selected portions of pages 5-8, 10, 12, and 21 of Medline's motion to exclude Dr. Grant's testimony because those pages contain product specifications. Similarly, the excerpts from the Grant Deposition and Exhibit D-259 contain product specifications.

The Court also grants the motion to seal the deposition excerpts and Exhibit D-259 in its entirety.

###### I.      Chemence's Third Motion to Seal

Chemence moves to seal portions of its response to Medline's motion to exclude the testimony of Dr. Grant. The portions that Chemence requests sealed discuss product specifications. The Court therefore grants the motion to seal.

###### IV. Conclusion

For the reasons stated above, the Plaintiff's Motion Permitting Filing Under Seal [Doc. 148 and Doc. 166] is GRANTED in part and DENIED in part. The Defendant's Motion to Seal Deposition Transcripts and Certain Exhibits Thereto [Doc. 151-1] is GRANTED in part and DENIED in part. The Defendant's Motion to Seal Portions of Its Statement of Material Facts as to Which There is No Genuine Issue to be Tried, Brief in Support of Its Motion for Summary Judgment, and the Appendix Thereto [Doc. 152-1] is GRANTED in part and DENIED in part. The Defendant's Motion to Seal Portions of Its Response to Plaintiff's Motion for Partial Summary Judgment, Statement of Additional Facts in Opposition to Plaintiff's Motion for Partial Summary Judgment, Response to Plaintiff's Statement of Facts, and the Appendix Thereto [Doc. 175] is GRANTED in part and DENIED in part. The Defendant's Motion to Seal Deposition Transcripts and Certain Exhibits Thereto

[Doc. 176] is GRANTED in part and DENIED in part. The Plaintiff's Motion Permitting Filing Under Seal [Doc. 188] is GRANTED in part and DENIED in part. The Defendant's Motion to Seal Selected Portions of Filings of November 10, 2014 [Doc. 195] is GRANTED. The Defendant's Motion to Seal Portions of Its Motion to Exclude Opinions and Testimony of Dr. Seamas Grant [Doc. 209] is GRANTED. The Plaintiff's Motion Permitting Filing Under Seal [Doc. 212] is GRANTED.  In lieu of filing documents or pages of documents under seal, the parties may file redacted documents for the public record.

SO ORDERED, this 12 day of January, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge